# EXHIBIT  A

Electronically FILED by Superior Court of California, County of Riverside on 07/06/2023 04:43 PM
Case Number CVRI2303416 0000063284153 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

FIRST AMENDED COMPLAINT

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ADYEN, INC., a foreign corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JOE MENDONCA, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* RIVERSIDE
4050 Main Street
Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):*
CVRI2303416

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond Babaian, VALIANT LAW, 800 Ferrari Lane, Suite 100, Ontario, CA 91764 (909) 677-2270

DATE: 07/07/2023
*(Fecha)*

Clerk, by *(Secretario)* [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF RIVERSIDE
GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Adyen, Inc., a foreign corporation

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☒ other *(specify)*: CCP 415.95 Business Organization Form Unknown

4. ☒ by personal delivery on *(date)*: 7.25.23

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 07/06/2023 02:27 PM
Case Number CVRI2303416 0000063243530 - Jason B. Galkin, Executive Officer/Clerk of the Court By Kristen King, Clerk

Raymond Babaian (State Bar No. 232486)
rb@valiantlaw.com
Kelcey Hoffman (State Bar No. 333353)
kkh@valiantlaw.com
**VALIANT LAW**
800 Ferrari Lane, Suite 100
Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290

Attorneys for PLAINTIFF, JOE MENDONCA

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**RIVERSIDE SUPERIOR COURTHOUSE**

JOE MENDONCA, an individual

PLAINTIFF,

v.

ADYEN, INC., a foreign corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No. CVRI2303416
*(Assigned to Honorable Eric A Keen in Department 6 for All Purposes)*

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**

1. Sex Discrimination in Violation of FEHA;
2. Sex Discrimination in Violation of Title VII of the Civil Rights Act; and
3. Failure to Prevent Discrimination and Retaliation in Violation of FEHA

**COMES NOW** PLAINTIFF, JOE MENDONCA, an individual, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an unlimited civil action, and this Court has jurisdiction over this action because the amount of controversy exceeds $25,000, exclusive of interest and costs.

2. Jurisdiction and Venue are also proper in this Court because the majority of the claims alleged herein arose in Corona, California and all the defendants are doing or did business throughout Riverside County, in each case, at the times relevant herein. See also *California Code of Civil Procedure* § 395, which provides that the venue is proper in this County because defendants reside in this County and/or the harm to Plaintiff occurred in this County.

**PARTIES**

3. PLAINTIFF JOE MENDONCA (hereinafter, "PLAINTIFF"), at all times relevant

hereto, was and is a resident of the State of California.

4. Defendant ADYEN is a foreign corporation, doing substantial business in the State of California, including within Riverside County. ADYEN is an entity with its principal place of business in Amsterdam, Netherlands that has offices in California and employs California residents.

5. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 20, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

6. The true names and capacities, whether individual, corporate or associate, or otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore, sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

7. Plaintiff is informed and believes and based thereon, alleges that at all times material hereto, ADYEN and DOES 1 through 20 (hereinafter collectively referred to as "DEFENDANTS") and each of them, were duly authorized agents, or servants, or representatives, or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives, and were acting at all times within the course and scope of their agency or representative capacity with the knowledge and consent of the other.

8. All of the acts and conduct herein and below described of each and every corporate Defendant was duly authorized, ordered by management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conducts of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

9. PLAINTIFF exhausted his administrative remedies by timely filing a complaint for the issues required to be raised herein against DEFENDANTS with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH attached hereto as **Exhibit "A."**

## FACTUAL ALLEGATIONS

10. In or around March 2023, PLAINTIFF began an extensive application process for an open role of "Head of Sales" at ADYEN via a recruiter named Alessa Bessa. PLAINTIFF spoke with Ms. Bessa on the phone, and she followed up via email with the complete job description for the role as well as six (6) questions for PLAINTIFF to answer.

11. PLAINTIFF was qualified for the position of "Head of Sales" due to his 18 years of experience in sales leadership and strategy within the payments industry. PLAINTIFF has a deep understanding of the sales process and has experience in identifying and pursuing new business opportunities as well as in building and managing successful sales teams. PLAINTIFF has extensive experience working with enterprise-level customers, identifying opportunities for upselling and cross-selling, and developing and launching new product offerings.

12. On or about March 8, 2023, PLAINTIFF expressed his continued interest in the position with ADYEN and provided his responses to the six (6) questions provided by Ms. Bessa.

13. Ms. Bessa submitted PLAINTIFF's application profile to ADYEN on or about March 9, 2023.

14. On or about March 15, 2023, Ms. Bessa informed PLAINTIFF that ADYEN had selected his application to move forward suggesting that PLAINTIFF was a qualified candidate for the "Head of Sales" position. Ms. Bessa advised PLAINTIFF to reach out and let her know once ADYEN had scheduled an interview with PLAINTIFF.

15. Having received no communications from ADYEN, PLAINTIFF followed up with his recruiter, Ms. Bessa, six separate times over the course of the next six weeks seeking an update

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ✦ FAX 909 677 2290

on the position.

16. On or about May 1, 2023, PLAINTIFF'S recruiter advised PLAINTIFF that ADYEN had rejected his application because they were "focusing on diversity." PLAINTIFF responded seeking clarification on what "focusing on diversity" meant. Ms. Bessa clarified that ADYEN had rejected his application because "they are looking for a female leader."

17. PLAINTIFF believes and asserts that his application to ADYEN for their "Head of Sales" role was rejected solely because of his gender and that, but for his protected status as a male, he would have been hired on with ADYEN.

18. By engaging in the above referenced acts and omissions, DEFENDANTS discriminated and retaliated against PLAINTIFF because of his sex in violation of Government Code §§ 12940, et seq. and Title VII of the Civil Rights act. As a direct and proximate result, PLAINTIFF was significantly harmed.

19. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as past and future earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

20. PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

21. PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and alleges the following:

**FIRST CAUSE OF ACTION**

**Sex Discrimination in Violation of FEHA**

**(As to all Defendants)**

22. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

23. At all times herein mentioned, Government Code §§ 12940 et seq., ("FEHA") was

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

in full force and effect and thus binding on DEFENDANTS. This statute provides that DEFENDANTS may not refuse to hire, select for a training program or promotion, and may not discharge, discriminate, or retaliate against PLAINTIFF because of his sex. (Gov. Code § 12940 et seq.)

24. PLAINTIFF applied to ADYEN and/or DOES 1 through 20 for a job, specifically for the role of "Head of Sales."

25. DEFENDANTS rejected PLAINTIFF's application for employment on the basis of his protected status – his being a male. PLAINTIFF's status as a male was a substantial factor, and likely the only factor, in DEFENDANT'S decision not to hire PLAINTIFF.

26. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as past and future earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

27. PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**SECOND CAUSE OF ACTION**

**Sex Discrimination in Violation of Title VII**

**(As to all Defendants)**

28. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

29. At all times herein mentioned, Title VII of the Civil Rights Act of 1964 ("Title VII") was in full force and effect and thus binding on DEFENDANTS. This statute provides that DEFENDANTS may not refuse to hire, select for a training program or promotion, and may not discharge, discriminate, or retaliate against PLAINTIFF because of his sex. (42 USC 2000 *et seq.*)

30. PLAINTIFF applied to ADYEN and/or DOES 1 through 20 for a job, specifically for the role of "Head of Sales."

31. DEFENDANTS rejected PLAINTIFF's application for employment on the basis of

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

his protected status – his being a male. PLAINTIFF's status as a male was a substantial factor, and likely the only factor, in DEFENDANT'S decision not to hire PLAINTIFF.

32. PLAINTIFF was qualified for the position of "Head of Sales" due to his 18 years of experience in sales leadership and strategy within the payments industry. PLAINTIFF has a deep understanding of the sales process and has experience in identifying and pursuing new business opportunities as well as in building and managing successful sales teams. PLAINTIFF has extensive experience working with enterprise-level customers, identifying opportunities for upselling and cross-selling, and developing and launching new product offerings.

33. DEFENDANTS treated female applicants more favorable by only considering female applications.

34. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as past and future earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

35. PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest.

## THIRD CAUSE OF ACTION

**Failure to Prevent Discrimination and Retaliation in Violation of FEHA**

**(As to all Defendants)**

36. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

37. PLAINTIFF applied to ADYEN and/or DOES 1 through 20 for a job, specifically for the role of "Head of Sales."

38. DEFENDANTS subjected PLAINTIFF to discrimination when they rejected PLAINTIFF's application for employment on the basis of his protected status – his being a male. PLAINTIFF's status as a male was a substantial factor, and likely the only factor, in DEFENDANT'S decision not to hire PLAINTIFF.

39. DEFENDANTS failed to take all reasonable steps to prevent the discrimination and/or retaliation which PLAINTIFF was subjected to by DEFENDANTS, its employees, managers, and/or agents.

40. DEFENDANTS intentionally engaged in despicable conduct to subject PLAINTIFF to cruel and unjust hardship and in conscious disregard for PLAINTIFF's rights, health, and safety.

41. As an actual and/or proximate result of DEFENDANT'S unlawful conduct and engagement in a series of discriminatory adverse employment actions, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

42. PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of her reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

**PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. For general economic and non-economic damages according to proof;
2. For compensatory damages in excess of $2,000,000.
3. For special damages according to proof;
4. For punitive damages where allowed by law;
5. For attorneys' fees where allowed by law;
6. For injunctive relief;
7. For costs of suit incurred herein; and
8. For such other and further relief as this Court deems just and proper.

///

///

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

**REQUEST FOR JURY TRIAL**

PLAINTIFF hereby requests a jury trial in accordance with the Court's rules and procedures.

DATED: July 6, 2023

**VALIANT LAW**

By: ______________________

RAYMOND BABAIAN
KELCEY HOFFMAN
Attorneys for PLAINTIFF, JOE MENDONCA

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 5, 2023

Raymond Babaian
800 Ferrari Ln., Suite 100
Ontario, CA 91764

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202307-21184505
Right to Sue: Mendonca / Ayden, Inc.

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 5, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202307-21184505
Right to Sue: Mendonca / Ayden, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

July 5, 2023

Joe Mendonca

,

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202307-21184505
Right to Sue: Mendonca / Ayden, Inc.

Dear Joe Mendonca:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective July 5, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Joe Mendonca

CRD No. 202307-21184505

Complainant,

vs.

Ayden, Inc.
,

Respondents

---

**1.** Respondent **Ayden, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Joe Mendonca**, resides in the City of **,** State of **.**

3. Complainant alleges that on or about **May 1, 2023**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, gender identity or expression and as a result of the discrimination was denied hire or promotion, denied work opportunities or assignments.

**Additional Complaint Details:** Claimant began an application process with Respondent in approximately March 2023. On or about May 1, 2023, Claimant's recruiter advised Claimant that Respondent had rejected his application because they were "focusing on diversity." Claimant responded seeking clarification on what "focusing on diversity" meant. Ms. Bessa clarified that Respondent had rejected his application because "they are looking for a female leader." Claimant's application to Respondent for their "Head of Sales" role was rejected solely because of his gender; but for his protected status as a male, he would have been hired on with Respondent.

VERIFICATION

I, **Kelcey Hoffman**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On July 5, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Ontario, 91764**



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
***INFORMATION PACKAGE***

***** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. *****

**What is ADR?**
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

**Advantages of ADR:**
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

**Disadvantages of ADR:**
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

**Main Types of ADR:**

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 01/01/12]
(Reformatted 06/01/16)

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**  Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation).  See http://adr.riverside.courts.ca.gov/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):  Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015  Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 01/01/12]
(Reformatted 06/01/16)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **MURRIETA** 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br><br>TELEPHONE NO: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
| --- | --- |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER:<br><br>CASE MANAGEMENT CONFERENCE DATE(S): |

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration ☐ Other (describe): ______________________

Proposed date to complete ADR: ______________

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

| (PRINT NAME OF PARTY OR ATTORNEY)<br>☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| --- | --- | --- |
| (PRINT NAME OF PARTY OR ATTORNEY)<br>☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY)<br>☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY)<br>☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Statutory Authorit
riverside.courts.ca.gov/localfrms/localfrms.sht

# EXHIBIT B

SECOND AMENDED

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ADYEN, N.V., a Federally Chartered Bank; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JOE MENDONCA, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* RIVERSIDE
4050 Main Street
Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):*
CVRI2303416

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond Babaian, VALIANT LAW, 800 Ferrari Lane, Suite 100, Ontario, CA 91764 (909) 677-2270

DATE: *(Fecha)* Clerk, by *(Secretario)* ______________________, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Raymond Babaian (State Bar No. 232486)
rb@valiantlaw.com
Kelcey Hoffman (State Bar No. 333353)
kkh@valiantlaw.com
**VALIANT LAW**
800 Ferrari Lane, Suite 100
Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290

Attorneys for PLAINTIFF, JOE MENDONCA

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**RIVERSIDE SUPERIOR COURTHOUSE**

JOE MENDONCA, an individual

PLAINTIFF,

v.

ADYEN N.V., a Federally Chartered Bank; and DOES 1 through 20, inclusive,

Defendants.

Case No. CVRI2303416
*(Assigned to Honorable Eric A Keen in Department 6 for All Purposes)*

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR:**

1. Sex Discrimination in Violation of FEHA;
2. Sex Discrimination in Violation of Title VII of the Civil Rights Act; and
3. Failure to Prevent Discrimination and Retaliation in Violation of FEHA

**COMES NOW** PLAINTIFF, JOE MENDONCA, an individual, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an unlimited civil action, and this Court has jurisdiction over this action because the amount of controversy exceeds $25,000, exclusive of interest and costs.

2. Jurisdiction and Venue are also proper in this Court because the majority of the claims alleged herein arose in Corona, California and all the defendants are doing or did business throughout Riverside County, in each case, at the times relevant herein. See also *California Code of Civil Procedure* § 395, which provides that the venue is proper in this County because defendants reside in this County and/or the harm to Plaintiff occurred in this County.

**PARTIES**

3. PLAINTIFF JOE MENDONCA (hereinafter, "PLAINTIFF"), at all times relevant

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

hereto, was and is a resident of the State of California.

4. Defendant ADYEN N.V. is a federally chartered bank, doing substantial business in the State of California, including within Riverside County. ADYEN N.V. is an entity with its principal place of business in Amsterdam, Netherlands that has offices in California, including 274 Brannan St., Ste 600 in San Francisco CA, 94107, and employs California residents.

5. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 20, inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

6. The true names and capacities, whether individual, corporate or associate, or otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore, sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

7. Plaintiff is informed and believes and based thereon, alleges that at all times material hereto, ADYEN N.V. and DOES 1 through 20 (hereinafter collectively referred to as “DEFENDANTS”) and each of them, were duly authorized agents, or servants, or representatives, or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives, and were acting at all times within the course and scope of their agency or representative capacity with the knowledge and consent of the other.

8. All of the acts and conduct herein and below described of each and every corporate Defendant was duly authorized, ordered by management-level employees of said corporate employers. In addition, thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conducts of said corporate employees, agents and

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

**EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

9. PLAINTIFF exhausted his administrative remedies by timely filing a complaint for the issues required to be raised herein against DEFENDANTS with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH attached hereto as **Exhibit "A."**

**FACTUAL ALLEGATIONS**

10. In or around March 2023, PLAINTIFF began an extensive application process for an open role of "Head of Sales" at ADYEN N.V. via a recruiter named Alessa Bessa. PLAINTIFF spoke with Ms. Bessa on the phone, and she followed up via email with the complete job description for the role as well as six (6) questions for PLAINTIFF to answer.

11. PLAINTIFF was qualified for the position of "Head of Sales" due to his 18 years of experience in sales leadership and strategy within the payments industry. PLAINTIFF has a deep understanding of the sales process and has experience in identifying and pursuing new business opportunities as well as in building and managing successful sales teams. PLAINTIFF has extensive experience working with enterprise-level customers, identifying opportunities for upselling and cross-selling, and developing and launching new product offerings.

12. On or about March 8, 2023, PLAINTIFF expressed his continued interest in the position with ADYEN N.V. and provided his responses to the six (6) questions provided by Ms. Bessa.

13. Ms. Bessa submitted PLAINTIFF's application profile to ADYEN N.V. on or about March 9, 2023.

14. On or about March 15, 2023, Ms. Bessa informed PLAINTIFF that ADYEN N.V. had selected his application to move forward suggesting that PLAINTIFF was a qualified candidate for the "Head of Sales" position. Ms. Bessa advised PLAINTIFF to reach out and let her know once ADYEN N.V. had scheduled an interview with PLAINTIFF.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

15.     Having received no communications from ADYEN N.V., PLAINTIFF followed up with his recruiter, Ms. Bessa, six separate times over the course of the next six weeks seeking an update on the position.

16.     On or about May 1, 2023, PLAINTIFF'S recruiter advised PLAINTIFF that ADYEN N.V. had rejected his application because they were "focusing on diversity." PLAINTIFF responded seeking clarification on what "focusing on diversity" meant. Ms. Bessa clarified that ADYEN N.V. had rejected his application because "they are looking for a female leader."

17.     PLAINTIFF believes and asserts that his application to ADYEN N.V. for their "Head of Sales" role was rejected solely because of his gender and that, but for his protected status as a male, he would have been hired on with ADYEN N.V.

18.     By engaging in the above referenced acts and omissions, DEFENDANTS discriminated and retaliated against PLAINTIFF because of his sex in violation of Government Code §§ 12940, et seq. and Title VII of the Civil Rights act. As a direct and proximate result, PLAINTIFF was significantly harmed.

19.     As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as past and future earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

20.     PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

21.     PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and alleges the following:

**FIRST CAUSE OF ACTION**
**Sex Discrimination in Violation of FEHA**
**(As to all Defendants)**

22.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

23.     At all times herein mentioned, Government Code §§ 12940 et seq., ("FEHA") was in full force and effect and thus binding on DEFENDANTS. This statute provides that DEFENDANTS may not refuse to hire, select for a training program or promotion, and may not discharge, discriminate, or retaliate against PLAINTIFF because of his sex. (Gov. Code § 12940 et seq.)

24.     PLAINTIFF applied to ADYEN N.V. and/or DOES 1 through 20 for a job, specifically for the role of "Head of Sales."

25.     DEFENDANTS rejected PLAINTIFF's application for employment on the basis of his protected status – his being a male. PLAINTIFF's status as a male was a substantial factor, and likely the only factor, in DEFENDANT'S decision not to hire PLAINTIFF.

26.     As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as past and future earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

27.     PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest.

**SECOND CAUSE OF ACTION**
**Sex Discrimination in Violation of Title VII**
**(As to all Defendants)**

28.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

29.     At all times herein mentioned, Title VII of the Civil Rights Act of 1964 ("Title VII") was in full force and effect and thus binding on DEFENDANTS. This statute provides that DEFENDANTS may not refuse to hire, select for a training program or promotion, and may not discharge, discriminate, or retaliate against PLAINTIFF because of his sex. (42 USC 2000 *et seq*.)

30.     PLAINTIFF applied to ADYEN N.V. and/or DOES 1 through 20 for a job, specifically for the role of "Head of Sales."

31.     DEFENDANTS rejected PLAINTIFF's application for employment on the basis of

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

his protected status – his being a male. PLAINTIFF's status as a male was a substantial factor, and likely the only factor, in DEFENDANT'S decision not to hire PLAINTIFF.

32. PLAINTIFF was qualified for the position of "Head of Sales" due to his 18 years of experience in sales leadership and strategy within the payments industry. PLAINTIFF has a deep understanding of the sales process and has experience in identifying and pursuing new business opportunities as well as in building and managing successful sales teams. PLAINTIFF has extensive experience working with enterprise-level customers, identifying opportunities for upselling and cross-selling, and developing and launching new product offerings.

33. DEFENDANTS treated female applicants more favorable by only considering female applications.

34. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as past and future earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

35. PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest.

**THIRD CAUSE OF ACTION**
**Failure to Prevent Discrimination and Retaliation in Violation of FEHA**
**(As to all Defendants)**

36. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

37. PLAINTIFF applied to ADYEN N.V. and/or DOES 1 through 20 for a job, specifically for the role of "Head of Sales."

38. DEFENDANTS subjected PLAINTIFF to discrimination when they rejected PLAINTIFF's application for employment on the basis of his protected status – his being a male. PLAINTIFF's status as a male was a substantial factor, and likely the only factor, in DEFENDANT'S decision not to hire PLAINTIFF.

39. DEFENDANTS failed to take all reasonable steps to prevent the discrimination

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

and/or retaliation which PLAINTIFF was subjected to by DEFENDANTS, its employees, managers, and/or agents.

40. DEFENDANTS intentionally engaged in despicable conduct to subject PLAINTIFF to cruel and unjust hardship and in conscious disregard for PLAINTIFF's rights, health, and safety.

41. As an actual and/or proximate result of DEFENDANT'S unlawful conduct and engagement in a series of discriminatory adverse employment actions, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including (without limitation), depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

42. PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of her reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. For general economic and non-economic damages according to proof;
2. For compensatory damages in excess of $2,000,000.
3. For special damages according to proof;
4. For punitive damages where allowed by law;
5. For attorneys' fees where allowed by law;
6. For injunctive relief;
7. For costs of suit incurred herein; and
8. For such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

PLAINTIFF hereby requests a jury trial in accordance with the Court's rules and procedures.

DATED: September 27, 2023

**VALIANT LAW**

By: ______________________

RAYMOND BABAIAN
KELCEY HOFFMAN
Attorneys for PLAINTIFF, JOE MENDONCA

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 800 Ferrari Lane, Suite 100, Ontario, CA 91764.

On September 27, 2023, I served the foregoing document(s) described as **PLAINTIFF'S SECOND AMENDED COMPLAINT** on this action at the address listed below, as follows:

| | |
|---|---|
| Nicholas A. Deming, Esq.<br>**GORDON REES SCULLY MANSUKHANI**<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Phone : 415.986.5900<br>Facsimile : 415.986.8054<br>**Attorney for Defendant ADYEN, INC.** | Email : ndeming@grsm.com<br>aneogi@grsm.com |

(__) **MAIL**: By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on the date following ordinary business practices. I am "readily familiar" with the business' practices for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Bernardino County, California, in the ordinary course of business.

(_x_) **ELECTRONIC MAIL:** I served the above document(s) by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorney of records for the parties herein at the email address(es) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as completed and without error. I am readily familiar with Valiant Law business practice of electronic service.

(__) **EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an express Mail DropBox to be delivered the following business day pursuant to Code of Civil Procedure section 1013(c).

(__) **FAX**: In additional to service by mail as set forth above, a copy of said documents were also delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure section 1013(e).

(__) **PERSONAL SERVICE:** I caused to be hand -delivered said document(s) to the office addressee, pursuant to Code of Civil Procedure section 1011.

I declare under penalty under the laws of the State of California that the above is true and correct. Executed on September 27, 2023, at Ontario, California.

Samira Morazan

SAMIRA MORAZAN

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Riverside on 10/25/2023 02:24 PM
Case Number CVRI2303416 0000073975968 - Jason B. Galkin, Executive Officer/Clerk of the Court By Elizabeth Castaneda, Clerk

NICHOLAS DEMING (SBN 287917)
AYUSHI NEOGI (SBN: 341894)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
ndeming@grsm.com
aneogi@grsm.com

Attorneys for Defendant
ADYEN, N.V.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| JOE MENDONCA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>ADYEN, N.V., a Federally Chartered Bank; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. CVRI2303416<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Complaint Filed July 6, 2023 |

DEFENDANT ADYEN, N.V. ("Defendant") hereby answers the Second Amended Complaint ("Complaint") filed by Plaintiff JOE MENDONCA ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally and specifically denies each and every allegation contained in the Complaint and each and every alleged cause of action therein, and further denies that Plaintiff is entitled to any of the relief requested, that Defendant committed any wrongful conduct or omission, whether alleged or otherwise, and that conduct or omissions of Defendant caused any injury or damage to Plaintiff in the sum or manner alleged, or in any other sum or manner, or at all.

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**AFFIRMATIVE DEFENSES**

Defendant further alleges the following separate and affirmative defenses to each and every cause of action alleged in the Complaint, the applicability of which will be determined through the course of investigation and discovery. By alleging the defenses set forth below, Defendant does not thereby agree or admit that it has the burden of proof, persuasion, or production with respect to any elements of any defense, or that Plaintiff has properly asserted any cause of action against Defendant.

**FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that each and every cause of action fails to state facts sufficient to constitute any cause of action or claim for which relief may be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that each claim alleged in the Complaint is barred by all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint and each purported cause of action brought therein are barred by Plaintiff's failure to timely exhaust his administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff failed to minimize, mitigate and eliminate his damages, if any, by failing to take such actions as are reasonably necessary to minimize any economic loss which may have been, or in the future may be, sustained.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff is barred from maintaining this action under the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff is estopped from obtaining the relief sought, or

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

pursuing any of the claims raised or causes of action alleged in his Complaint, by virtue of his acts, failures to act, conduct, representations, admissions, and the like.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint is barred by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

Defendant alleges that the damages alleged by Plaintiff are barred by the doctrine of avoidable consequences.

**TENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, if any was made known to Defendant, and/or that Plaintiff unreasonably failed to take advantage of the preventative or remedial mechanisms for reporting and resolving claims, or to otherwise avoid harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff’s Complaint is barred because Defendant would have made the same decision in the absence of any alleged discriminatory or retaliatory motive.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred in whole or in part because any alleged emotional, mental and/or physical injury suffered by Plaintiff was proximately cause in whole or in part by the acts and/or omissions of the persons and entities other than Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff was himself careless and negligent in and about the matters referred to in the Complaint and such negligence and carelessness on the part of the Plaintiff proximately caused and contributed to Plaintiff’s alleged damages, if any there were.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff’s claims are barred to the extent they vary from the allegations of the administrative charge filed with the appropriate agency.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff is not a qualified individual as defined by the California Fair Employment and Housing act and other applicable state or federal regulations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's Complaint is barred because Defendant had a non-discriminatory motive.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to relief on any of his causes of action because he has not suffered any damage as a result of any actions taken by Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action, fails to state a claim for punitive or exemplary damages under the applicable provisions of law, including, but not limited to, the Constitution of the United States and California Civil Code Section 3294.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

At all times herein relevant, Defendant acted in good faith and did not violate any rights Plaintiff may have had under federal, state or local laws, rules and regulations or guidelines.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and thereon alleges, that the Complaint presents no actual case or controversy, or justiciable issue suitable for determination by this Court.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available to it. Defendant, therefore, reserves the right to amend this Answer and assert additional affirmative defenses in the event discovery indicates such defenses are available.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That this action be dismissed in its entirety, with prejudice;
3. That judgment is entered in favor of Defendant;
4. That Defendant be awarded reasonable attorneys' fees and costs; and
5. That the Court award Defendant such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Defendant demands a trial by jury.

Dated: October 25, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________
NICHOLAS DEMING
AYUSHI NEOGI
Attorneys for Defendant
ADYEN, N.V.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**PROOF OF SERVICE**

Mendonca, Joe v. Adyen, N.V.
Riverside County Superior Court, Case No. CVR12303416

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the date set forth below, I served the within documents:

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

☒ **Via E-Mail**: by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.

**Attorneys for Plaintiff:**

Raymond Babaian
Kelcey Hoffmann
VALIANT LAW
800 Ferrari Lane, Suite 100
Ontario, CA 91764

Tele: (909) 677-2270
Fax: (909) 677-2290
Email: rb@valiantlaw.com
Email: kkh@valiantlaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **October 25, 2023,** at San Francisco, California.

______________________________
Marisol Franco